UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO:

CAROL AXEL,

            Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES (LTD).
            Defendant.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, CAROL AXEL, sues the Defendant, ROYAL CARIBBEAN CRUISES (LTD). (hereinafter referred to as "ROYAL CARIBBEAN CRUISE LINE"), and alleges:

## JURISDICTION AND PARTIES

1.      This is an action in excess of this Court's minimum jurisdictional limits, to wit: Seventy Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

2.      At all material times, Plaintiff, CAROL AXEL, was and is a resident of New York and otherwise *sui juris*.

3.      At all material times, Defendant, ROYAL CARIBBEAN CRUISES (LTD)., was and is a Foreign Corporation engaged in the business of selling cruises and operating cruise ships within the United States of America, including the state of Florida.

4.      At all material times, Defendant, RCL LTD., AN AMERICAN COMPANY, maintained its principal office for the regular transaction of its business at 1050 Caribbean Way, Miami, Florida, 33132.

5.      Jurisdiction is proper in this Court pursuant to Federal Rule of Civil Procedure 9 (h). This claim is maintained under the general maritime law of the United States. In the alternative, this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy, without interest and costs, exceeds $75,000.00 and the Plaintiff is a citizen of New York and the Defendant is a Liberia corporation with its principle place of business in Miami, Florida.

6.      Venue is proper in this court both because the Defendant maintains office(s) for the transaction of its business in Miami-Dade County, Florida, and pursuant to a forum selection clause in the Defendant's Cruise/Cruise Tour Ticket Contract that requires all lawsuits between a passenger and the Defendant(s) cruise ship carrier to be brought before a Federal Court located in the Southern District of Florida.

## FACTS COMMON TO ALL CLAIMS

7.      At all material times, the Defendant operated the subject vessel, *Harmony of the Seas,* which departed from Port in Fort Lauderdale, Florida.

8.      As part of its regular business, Defendant, ROYAL CARIBBEAN CRUISE LINE, booked, arranged, and sold cruises to patrons like the Plaintiff and provided them with transportation, food, entertainment, and lodging on the *Harmony of the Seas* and other vessels.

9.      On or about December 10, 2016, the Plaintiff, CAROL AXEL, embarked upon the vessel, *Harmony of the Seas,* as a paying passenger for a cruise operated and sold by Defendant, ROYAL CARIBBEAN CRUISE LINE.

2

10.     On or about December 14, 2016, at 8:00 a.m., the Plaintiff, CAROL AXEL, was entering the *Windjammers Marketplace* while on *Deck 16* aboard the *Harmony of the Seas*, when the automatic doors to the entrance of *Windjammers Marketplace* closed on her, crushed her, and trapped her in the doorway, resulting in serious injuries.

11.     At all material times, Defendant, ROYAL CARIBBEAN CRUISE LINE, by and through its agents employees and/or crew, maintained and controlled the subject vessel, *Harmony of the Seas*, including the automatic doors where the Plaintiff, CAROL AXEL, was injured.

12.     At all material times, agents, crew and/or employees of Defendant, ROYAL CARIBBEAN CRUISE LINE, had knowledge, actual or constructive, of the dangerous and hazardous nature of the automatic doors by which the Plaintiff was injured.

13.     At all material times, agents, upon information or belief, crew and/or employees of Defendant, ROYAL CARIBBEAN CRUISE LINE, had knowledge that the automatic doors by which the Plaintiff was injured routinely malfunctioned in ways including but not limited to closing on persons passing through.

14.     At all material times, agents, upon information or belief, crew and/or employees of Defendant, ROYAL CARIBBEAN CRUISE LINE, caused the automatic doors by which the Plaintiff was injured to malfunction in ways including but not limited to closing on persons passing through.

15.     At all material times, agents, upon information or belief, had knowledge, that the automatic doors by which the Plaintiff was injured malfunctioned in ways including but not limited to closing on persons passing through and that the crew and/or employees of Defendant, ROYAL CARIBBEAN CRUISE LINE had actual knowledge that said malfunctions occurred at the subject area prior to and at all times leading up to the time when plaintiff was injured.

3

16.     At all material times, agents, upon information and or belief, had knowledge, that the automatic doors by which the Plaintiff was injured malfunctioned in ways including but not limited to closing on persons passing through and that said malfunctions occurred at the subject area for such a period of time that the crew and/or employees of Defendant, ROYAL CARIBBEAN CRUISE LINE had constructive knowledge that said malfunctions occurred at the subject area prior to and at all times leading up to the time when plaintiff was injured.

17.     At all material times, agents, crew and/or employees of Defendant, ROYAL CARIBBEAN CRUISE LINE, had knowledge, of the dangerous and hazardous nature of the subject malfunctions.

18.     At all material times, agents, upon information or belief, crew and/or employees of Defendant, ROYAL CARIBBEAN CRUISE LINE, had knowledge that hazardous malfunctions occurred to the automatic doors at the entrance of *Windjammers Marketplace* by which the Plaintiff was injured.

19.     At all material times, agents, crew and/or employees of Defendant, ROYAL CARIBBEAN CRUISE LINE, knew or should have known that allowing the dangerous and hazardous malfunctions to remain on its ship in an area frequently used by its passengers posed a significant danger to them.

20.     At all material times, Defendant, ROYAL CARIBBEAN CRUISE LINE, had a duty to warn its passengers, including the Plaintiff, CAROL AXEL, of that danger and to take all reasonable steps to correct it.

## COUNT I

## NEGLIGENCE AGAINST DEFENDANT

The Plaintiff adopts and re-alleges Paragraphs 1 through 20, and further alleges:

4

21.    At all material times, Defendant, ROYAL CARIBBEAN CRUISE LINE, knew or should have known of the presence of the dangerous and/or hazardous malfunctions of the automatic doors at the entrance of *Windjammers Marketplace* and further knew that passengers on the *Harmony of the Seas*, including the Plaintiff, would use the automatic doors at the entrance of *Windjammers Marketplace.*

22.    At all material times, Defendant, ROYAL CARIBBEAN CRUISE LINE, owed a duty to the Plaintiff to maintain, operate and control its vessel in a reasonably safe condition, and to warn its passengers of any unsafe conditions existing upon the vessel which the Defendant knew, or by the exercise of reasonable care should have known, existed.

23.    At all material times, Defendant, ROYAL CARIBBEAN CRUISE LINE, further owed a duty to the Plaintiff, CAROL AXEL, to maintain a reasonably safe means of entering the *Windjammers Marketplace* through the subject automatic doors.

24.    At all material times, Defendant, ROYAL CARIBBEAN CRUISE LINE, further owed a duty to the Plaintiff, CAROL AXEL, to maintain the subject automatic door *Windjammers Marketplace* in a reasonably safe condition.

25.    Notwithstanding these duties, Defendant, ROYAL CARIBBEAN CRUISE LINE, by and through the acts and omissions of its employees, agents, crew and/or servants, breached its duty of care to the Plaintiff and was negligent in one or more of the following ways:

    a.    Failing to maintain the vessel in a reasonably safe condition; and/or

    b.    Failing to warn the Plaintiff of an unsafe condition existing upon the vessel which the Defendant or its agents knew or should have known of; and/or

c.   Failing to take adequate steps or measures to correct the unsafe condition which the Defendant or its agents knew or should have known of; and/or

d.   Failing to maintain a safe means of entry and exit for its passengers where the incident occurred at the subject doorway; and/or

e.   Failing to provide the necessary precautions and/or warnings in order to protect persons from getting closed on, crushed in, and trapped in the subject automatic doors; and/or

f.   Creating an unsafe condition on the vessel in the subject area; and/or

g.   Failing to have adequate procedures in place for the inspection and maintenance of the subject automatic doors and, in particular, the area where the incident occurred with the subject automatic doors; and/or

h.   Failing to protect its passengers from known dangers; and/or

i.   Failing to provide their passengers with a safe means of walking through the area where the incident occurred; and/or

j.   Negligently and carelessly failed to maintain the mechanics of the subject automatic doors; and/or

k.   Negligently and carelessly failed to utilize sensors or other appropriate protective measures upon the subject automatic doors; and/or

l.   Defendant negligently failed to properly and routinely inspect the automatic doors for malfunctions including but not limited to closing on persons passing through; and/or

m.   Defendant negligently created and/or allowed a damaged, defective, unsafe and/or improper automatic door to exist at the time and aforementioned place; and/or

n.   Defendant was otherwise negligent at the time and place complained of.

6

26.     As a direct and proximate result of the Defendant's negligence, as hereinabove alleged, the Plaintiff, CAROL AXEL, was closed on, crushed in, and trapped in the doorway by the automatic doors, suffering bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, loss of earnings and future earning capacity, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition.   These losses are either permanent and/or continuing in their nature, and Plaintiff, CAROL AXEL, will suffer these losses in the future.

**WHEREFORE**, the Plaintiff, CAROL AXEL, demands judgment against the Defendant, RCL LTD., AN AMERICAN COMPANY, for damages in excess of Seventy Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.  Plaintiff further demands trial by jury of all issues so triable as of right.

Dated this 1st day of June 1, 2017.

**SALENGER, SACK, KIMMEL & BAVARO**
Attorneys for Plaintiffs
180 Froehlich Farm Blvd.
Woodbury, New York 11797
(516) 677-0100

By: s/Benjamin Salk
**Benjamin Salk**, Esq.
Florida Bar No.: 5703